UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WALLACE PUGH, | ) | Case No.: 1:10 CV 1648 |
| | ) | |
| Petitioner | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | |
| EDWARD A. SHELDON, WARDEN, | ) | |
| | ) | |
| Respondent | ) | ORDER |

Currently pending before the court is Petitioner, Wallace Pugh's ("Pugh" or "Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 (ECF No. 1) and Respondent, Edward A. Sheldon's ("Respondent") Motion to Dismiss (ECF No. 6). For the reasons stated herein, the court hereby dismisses the Petition and enters final judgment in favor of Respondent.

## I. FACTS AND PROCEDURAL HISTORY

On July 28, 2010, Pugh filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction for four counts of rape. (ECF No. 1-3.) Petitioner raised one ground for relief in his Petition: "[t]he Ohio Courts entered decisions that were contrary to, or unreasonable applications of Machibroda v. United States, Bousley v. United States, Murray v. Carrier and their progeny by ruling that Mr. Pugh could not collaterally challenge the voluntariness of his guilty pleas in part based upon actual innocence." (Petition at 6, ECF No. 1.)

This case was referred to Magistrate Judge Greg White for preparation of a report and

recommendation. The Magistrate Judge issued his Report and Recommendation ("R&R") on July 8, 2011, recommending that the Petition be dismissed. (ECF No. 9.) Specifically, the Magistrate Judge concluded that Pugh's Petition should be dismissed as time-barred, since he had until July 14, 1999, to file a timely habeas petition, but did not file any applications for post-conviction relief or other forms of collateral review until August 18, 1999, after the statute of limitations had expired. (R&R at 5-12.) However, Pugh could overcome this time bar if the statute of limitations commenced at a later date, or if he was entitled to equitable tolling. (*Id*. at 12.) The Magistrate Judge concluded that Pugh was not entitled to either of these benefits, and therefore his Petition should be dismissed as time-barred.

Petitioner filed an Objection to the R&R ("Objection") on July 18, 2011. (ECF No. 10.) Petitioner argues that the new evidence he put forth entitles him to a later date to start the running of the statute of limitations, that equitable tolling applies, and that he demonstrated a violation of clearly established federal law. (Objection at 1-12.) Pugh contends that his evidence is the type of new evidence courts consider in allowing a different date to start the running of the statute of limitations or equitable tolling, since the statements put forth by his ex-wife are different from the sworn claims his ex-wife previously made. He also argues that he did not put forth a freestanding innocence claim, but instead has attached it to his claim that his plea was involuntary.

For the reasons that follow, the court adopts the Magistrate Judge's R&R, with the additional comments made herein.

## II. LAW AND ANALYSIS

### A. One-Year Limitation

The court finds, after careful review of the Magistrate Judge's Report and Recommendation, Petitioner's Objections, and all other relevant documents, that the Magistrate Judge conclusions as to the one-year limitation are fully supported by the record and controlling case law. The Petition is time-barred unless an exception applies. The court finds that the Magistrate Judge improperly analyzed the exceptions to the one-year limitation, regarding equitable tolling or allowing the statute of limitations to fall on an alternative date. Although the correct result was reached, the court finds it necessary to revisit the steps leading to that conclusion.

### B. Factual Predicate

Section 2244(d)(1)(D) states that the statute of limitations may commence later than the date when a petitioner's conviction became final if "the factual predicate of the claim or claims presented" was not discovered by a petitioner, acting with due diligence, until a later date. 28 U.S.C. § 2241(d)(1)(D)). As indicated in the R&R, under the typical statute of limitations applicable to § 2254 petitions, Petitioner had until July 14, 1999, to file a timely habeas petition. (R&R at 12, ECF No. 9.) In order for § 2244(d)(1)(D) to be applicable, Pugh must demonstrate that he acted with due diligence and that the factual predicate for his claims could not have been discovered until recently, to bring his Petition within the one-year statute of limitations. Pugh argues that he recently obtained affidavits from his family members, his ex-wife, his daughter (the victim), and his son, who state that they were unaware of any sexual abuse of Pugh's daughter. In his second motion to withdraw his guilty plea, Pugh asserted that he had only became aware that his three family members would recant their statements in July of 2007. However, Pugh contends that he didn't actually get admissions, through affidavits from his family members, until the summer of 2008. (Opp. at 2, ECF No.7.) Pugh maintains that prior to the summer of 2008, other family members had

agreed to approach his ex-wife about the case, but it was not until later that she admitted the truth. (*Id.*) It was while trying to get the truth from his ex-wife, Pugh contends, that he learned that his daughter did not know why he was incarcerated. (*Id.*) Pugh asserts that he only knew in July 2007 that the efforts of his family members to get his ex-wife to reveal the truth might be working, but she had not actually done so at that point. (*Id.*) Pugh maintains that he could not convince or force his ex-wife to tell the truth any earlier than he did, and his efforts involving his family to attempt to get her to do so demonstrate his due diligence. (*Id.* 3-5.) Pugh concedes that

> the one-year clock does not start to tick only when the evidence in support of the factual predicate is obtained, [but] in this case, [the ex-wife's] affidavit was Mr. Pugh's only confirmation that he would have the factual predicate at all. Without the affidavit, Mr. Pugh could not be sure [his ex-wife] would not, out of fear or doubt or weakness, later back out of any agreement to tell the truth.

(*Id.* at 6-7.) Because July 2007 represents the date that Pugh learned his ex-wife might be willing to tell the truth, and it was not until May 2008 that she actually recanted, Pugh asserts that May 2008 is the proper date to begin the running of the statute of limitations. Using this date, and the time tolled by his state filings, Pugh argues his Petition was timely filed.

Respondent argues that "Pugh did not attempt to initiate any action that would have eventually given rise to his claim; he made no attempt to persuade his family members to tell the truth prior to July 2007." (Mot. at 16, ECF No.6.) Respondent states that Pugh described the process by which he learned of the potential recanted statements in his second motion to withdraw his guilty plea. (*Id.*) In that motion, Pugh failed to state that he personally ever made any attempts to contact his immediate family members, not even through his extended family members, to obtain recantations. (*Id.*) Respondent asserts that under *DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006), the one year is calculated based on when a "duly diligent person in petitioner's circumstances would

-4-

have discovered [his right to an appeal] [in this case, whether he could get affidavits from his family members recanting their previous statements]." (*Id.*) Respondent maintains that Pugh failed to meet his burden, that he exercised due diligence in obtaining the recanted statements and subsequent affidavits. Pugh

> made no assertion in the state court motion that he wrote or attempted to contact his ex-wife, sought the aid of extended family members in contacting her or that he sought the assistance of his extended family in contacting his now older children (it appears that [Pugh's daughter] born in 1984, would have turned 18 in 2002, and [his son] at an even earlier date as he apparently was older than [Pugh's daughter]).

(*Id.* at 17.)

The Sixth Circuit has stated that when analyzing a Petitioner's claim that he is entitled to a later start to the statute of limitations under § 2244(d)(1)(D), "[t]he proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered his right to an appeal." *DiCenzi*, 419 F.3d at 498-99. However, the Sixth Circuit has cautioned district courts that it cannot "ignore[ ] the reality of the prison system and impose[ ] an unreasonable burden on prisoners seeking to appeal." *Granger v. Hurt*, 90 F. App'x. 97, 100 (6th Cir. 2004) (internal citation omitted). Further, § 2244(d)(1)(D) "does not require the maximum feasible diligence, only 'due,' or reasonable, diligence." *Id.* (quoting *Wims v. United States*, 225 F.3d 186, 190 n. 4 (2d Cir. 2000)).

Applying these standards to Pugh's case, the court cannot find that he exercised due diligence in discovering his claims. Pugh was sentenced in 1998 and made no direct appeals. The one-year period begins to run when the time to file a direct appeal expires, which was thirty days after Pugh was sentenced. Therefore, his conviction became final on July 14, 1998. (Mot. at 12, ECF No. 6.) Pugh fails to provide the court with any evidence to demonstrate that he attempted to

contact his family members, either immediate or extended, at any time prior to 2007, to obtain these recantations. Although as an incarcerated individual, it is more difficult for Pugh to have obtained the recantations, and some delay may be excusable, this much is not. There is no evidence that Pugh made any efforts with his immediate or extended family to obtain recanting statements sooner. Especially damaging to his claim is the fact, if Pugh is innocent, he was always aware of these facts, and could have pursued recantations from his family members earlier. Therefore, the factual predicate would have always been known to him. Thus, by filing his Petition on July 28, 2010, he did so well beyond the one-year deadline, and applying § 2244(d)(1)(D) does not entitle Petitioner to a statute of limitations commencing at a later date.

### C. Equitable Tolling and Actual Innocence

The Magistrate Judge correctly identified the problems with the affidavits. In order to further clarify why equitable tolling is not applicable, as it relates to Petitioner's claim of actual innocence, the court provides the following further analysis.

The Supreme Court has stated that "[generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Further, "the Court has 'generally been much less forgiving . . . where the claimant failed to exercise due diligence in preserving his legal rights.' [] 'Absent compelling equitable considerations, a court should not extend limitations by even a single day.'" *Vroman v. Brigano*, 346 F.3d 598, 604 (6th Cir. 2003). Typically, when considering if equitable tolling applies in a particular case, the

> court must consider the following five factors: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of

> constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005) (quoting *Dunlap v. U.S.*, 250 F.3d 1001, 1008 (6th Cir. 2001)). Pugh does not make any arguments that he is entitled to equitable tolling based on these factors; instead, he argues he is entitled to equitable tolling because he has made a credible showing of actual innocence, which enables the court to hear his claims. The Supreme Court also held that "a credible showing of actual innocence was sufficient to enable a court to reach the merits of an otherwise procedurally-barred habeas petition." *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 317 (1995)). The issue as to whether the petitioner "has put forth a credible claim of actual innocence [should be resolved] before addressing the existence of the exception itself." *Id.* at 589. The *Schlup* court stated that "[t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." 513 U.S. at 321. The *Schlup* court cautioned that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* It is the Petitioner's burden to demonstrate he is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Pugh asserts that he is entitled to equitable tolling because he is actually innocent, as demonstrated by the recantations of his family members. Respondent argues that this evidence is neither new, nor sufficient to demonstrate actual innocence. Respondent asserts that if innocent, Pugh always knew of his innocence and that the allegations were untrue. Further, Respondent contends, Pugh's statements made in open court, in support of his guilty plea, belie this conclusion. Pugh "stated in open court not only that he wished to plead guilty but that he was in fact guilty of

-7-

the crimes to which he plead." (Mot. at 24, ECF No. 6.) Respondent argues that this court must not be persuaded that "Pugh has provided the court with 'new evidence' or with evidence that overcomes confidence in the outcome of the plea proceedings." (*Id.* at 25.)

The court finds that this is not such a rare and extraordinary case that the actual innocence exception should apply, as Petitioner has failed to present credible evidence to demonstrate that he is actually innocent. These affidavits do not constitute new evidence. If the statements of his family members are true, that Pugh is innocent and that all the statements provided to police were fabricated, Pugh was aware of this the entire time, and therefore the statements cannot constitute "new" evidence.

Therefore, the court hereby rejects the Magistrate Judge's findings regarding the exceptions to the one-year limitation: equitable tolling and allowing the statute of limitations to fall on an alternative date. Accordingly, Pugh's Petition is hereby dismissed as time-barred.

### III. CONCLUSION

For the foregoing reasons, Pugh's Petition is hereby dismissed and final judgment is entered in favor of Respondent. Thus, Respondent's Motion to Dismiss is granted. (ECF No. 6.) The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability.

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

June 29, 2012